Norman Leslie **GREEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 55942.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 20, 1978.

Gary D. Jackson, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler and Reed Prospere, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for indecency with a child. The jury assessed the punishment, enhanced by one prior conviction, at fifteen years in the Texas Department of Corrections.

In his first ground of error, appellant contends that his indictment is fundamentally defective in that it fails to allege all of the elements of the offense. Specifically, he contends that the indictment fails to allege that he committed the act with knowledge that the child was present.

V.T.C.A. Penal Code, Sec. 21.11 provides that,

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

\* \* \* \* \* \*

(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person."

The indictment under which appellant was prosecuted alleged in part that appellant,

"did unlawfully, then and there knowingly and intentionally expose his genitals to Sheri Lynn Cagle, a child younger than 17 years and not then and there the spouse of the Defendant, with the intent to arouse and gratify the sexual desire of the Defendant . . ."

Since no motion to quash the indictment was filed in the trial court and, therefore, the sufficiency of the indictment is questioned for the first time on appeal, only jurisdictional defects will be considered. *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978); *Hughes v. State*, 561

S.W.2d 8 (Tex.Cr.App.1978); *Terry v. State,* 517 S.W.2d 554 (Tex.Cr.App.1975); *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). A jurisdictional defect in an indictment is a defect which renders the indictment insufficient in that it fails to allege the constituent elements of the offense. *Seaton v. State,* supra; *Terry v. State,* supra. If the indictment alleges an offense was committed by the defendant, then it will be sufficient in law to support a verdict of guilty; only if the defect be of such a degree as to charge no offense against the law and thereby be void, will an indictment be fundamentally defective and may therefore be raised for the first time on appeal. *American Plant Food Corp. v. State,* supra.

Therefore, this Court must ascertain whether this indictment, when read as a whole, sufficiently charges the offense of indecency with a child. *Seaton v. State,* supra; *Childs v. State,* 547 S.W.2d 613 (Tex. Cr.App.1977); Clark v. State, 527 S.W.2d 292 (Tex.Cr.App.1975). We hold that this indictment does charge an offense against the law and, therefore, is not fundamentally defective.

█ When read as a whole, the indictment alleges that appellant knowingly exposed his genitals to a child younger than 17 with the requisite intent. The allegation that he *knowingly* exposed his genitals *to* the complaining witness is sufficient to allege that he did so knowing that she was present. That he committed the act *to* her is sufficient to allege that he committed the act with knowledge of her presence.

Thus, the allegations in the indictment do sufficiently state that appellant knew that the complaining witness was present when he exposed his genitals. Therefore, the indictment, when read as a whole, sufficiently sets out this element of the offense. See *Seaton v. State,* supra; *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977); *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976). See also *Clark v. State,* 527 S.W.2d 292 (Tex.Cr.App.1975). Appellant's first ground of error is overruled.

█ In his second ground of error, appellant complains of the following jury argument by the prosecutor at the punishment phase of the trial:

"Also, [appellant] shows no remorse whatsoever. He's also the kind of man that would lie. He gets up there and he says 'If I needed an alibi, I'd get it. I'll fight the system. I'm not going to rehabilitate myself; I'll just fight it.' That's exactly what kind of man you're dealing with. He is a remorseless habitual criminal and he's not going to change. He is a man without feelings for little children. He is without feelings for the little girls and their parents and he's without feelings for his wife, when he'd go out there and do this sort of thing when he's married to a woman. He's a man who under the evidence shows no signs of conscience and in every sense of the word he's a man of evil intent. He's just plain bad and that's what the evidence shows him to be . . . ."

Appellant now contends that this argument was outside the record and highly prejudicial. However, the record reflects no objection to this argument. No objection having been made, no error is preserved for review. *Wilder v. State,* 558 S.W.2d 883 (Tex.Cr.App.1977); *Hunter v. State,* 530 S.W.2d 573 (Tex.Cr.App.1975); *Campbell v. State,* 525 S.W.2d 4 (Tex.Cr.App.1975); *Cox v. State,* 523 S.W.2d 695 (Tex.Cr.App.1975). We decline appellant's suggestion that such argument was fundamental error. This ground of error is overruled.

The judgment is affirmed.