**Geary RUSHTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–322–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 6, 1985.

---

J. Manuel Banales, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted in a jury trial of the offense of indecency with a child. Upon a determination of guilt, punishment was assessed by the trial court at twenty-

five years in the Texas Department of Corrections.

Appellant challenges the sufficiency of the evidence in his sixth and seventh grounds of error.[1] The State's evidence consisted of the testimony of the complainant, (CC), a seven year-old female, and three adults. The adults were the complainant's mother, grandmother, and a nineteen year-old female relative (Dona Lee). Appellant allegedly forced CC to touch his penis with the intent to arouse or gratify his sexual desire. CC's mother testified that appellant lived with her and CC from the middle of August 1983 until September 5, 1983 when she learned that appellant had allegedly had sexual contact with CC. At that point she told appellant to leave.

Dona Lee testified that during the first week of September 1983 CC approached her and told her that appellant had made sexual contact with her. Dona Lee then told her mother (CC's grandmother) what CC had said and the grandmother then went and talked with CC.

CC's grandmother testified that she talked to CC shortly after Dona Lee told her that CC had a problem. The grandmother testified that CC told her that appellant had forced CC to masturbate him; that CC was crying, afraid, and confused; and that CC was afraid she would get in trouble. CC's grandmother then took CC to her mother's house where CC told her mother what had happened.

CC then testified. She said that appellant lived with her and her mother for a period of time, and that when her mother was at work, appellant would sometimes make her remove her clothes. She further testified in graphic detail how appellant forced her to masturbate him.

■ In challenging the sufficiency of the evidence, appellant contends that there is

no evidence showing that the offense occurred on August 21, 1983, the date alleged in the indictment. Appellant is correct. The State's evidence shows only that the sexual contact occurred sometime during the period in which appellant lived with CC's mother. As the State points out, however, where an indictment alleges that an offense occurred "on or about" a certain date, as is the case herein, the State is not bound by the date alleged but may show that the offense occurred anytime before the return of the indictment that is within the period of limitations. *Clark v. State,* 590 S.W.2d 512 (Tex.Crim.App.1979).

■ Here, the indictment was returned on November 4, 1983, and the sexual contact made the basis of the indictment was reported to adults on September 4, 1983. The statutory period of limitations for indecency with a child, TEX.PENAL CODE ANN. § 21.11 (Vernon Supp.1985), is three years. TEX. CODE CRIM.PROC. ANN. art. 12.01 (Vernon Supp.1985). The criminal behavior was shown to have occurred sometime after the appellant moved into CC's house in the middle of August 1983. Thus the alleged sexual contact occurred within the period of limitations and before the return of the indictment. The State thus sufficiently proved the allegation that the offense occurred "on or about August 21, 1983." Appellant's sixth and seventh grounds of error are overruled.

■ In his first two grounds of error appellant contends the trial court erred in granting a State's motion in limine. The motion granted by the trial court required the parties to bring any matters involving CC's prior sexual conduct to the attention of the trial court before raising the issue in the jury's presence. The trial court committed no error and appellant's grounds of error present nothing for review because the granting of a motion in limine cannot

---

**1.** In his sixth ground appellant contends that the trial court erred in overruling his motion for instructed verdict. The record shows that after the motion was overruled appellant presented a defense. This action waived appellant's contention, *Kuykendall v. State,* 609 S.W.2d 791 (Tex.

Crim.App.1981), thus appellant's sixth ground of error is without merit. Appellant, however, briefs these two grounds of error as one and challenges the sufficiency of the evidence in his seventh ground of error.

create reversible error. *Romo v. State,* 577 S.W.2d 251 (Tex.Crim.App.1979). A motion in limine does not exclude evidence from the jury's consideration; it merely requires the parties to bring certain matters to the attention of the trial court for a definitive ruling before the evidence is presented. No evidence was excluded by the trial court's rulings. Appellant recognizes the above stated rule, but argues, however, that he may now complain about the trial court's ruling on appeal because such ruling affected his trial strategy. To allow an attack on the trial court's ruling on this basis would be to allow appellant a review of the trial court's action through the back door. This we will not allow. Appellant's first and second grounds of error are overruled.

■ In his third ground of error, appellant complains that the trial court committed reversible error in excluding certain proffered evidence. He complains that the trial court should have allowed Hattie Trotter, CC's babysitter, to relate to the jury an incident in which CC had told her that CC and Trotter's grandson had removed their clothes and "bumped" in the washroom.[2] Trotter would also have testified that she locked the washroom on the day the incident allegedly occurred because CC had taken some things out of a cabinet and that the incident could not have occurred because Trotter's grandson didn't do such things. The State argues that the proffered evidence was inadmissible because it was hearsay and because it was an attempt to impeach the credibility of CC through a specific act of prior misconduct. While we agree with the State that this evidence was inadmissible, we do not agree with its analysis of the situation. It is clear that if the evidence had shown that CC had previously made false accusations of sexual misconduct, the trial court would have erred in excluding such evidence (assuming the proper predicates had been established); this is so even though specific acts of misconduct are generally inadmissible for impeachment. *See Giles v. Maryland,* 386

U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *Thomas v. State,* 669 S.W.2d 420 (Tex.App. —Houston [1st Dist.] 1984, pet ref'd.). In the present case, however, there is no evidence showing that CC made false accusations. The evidence, even viewing it in appellant's favor, shows only that Trotter did not believe CC. Moreover, our review of the record shows that the evidence excluded was already substantially before the jury. The evidence was introduced through CC's mother, who had talked with Hattie Trotter, following the alleged bumping incident. The incident as related to the jury by CC's mother is materially the same as Trotter's excluded testimony. Appellant's third ground of error is overruled.

■ In his fourth ground of error appellant contends the trial court should not have excluded testimony of Hattie Trotter that CC had a propensity to use bad words. The trial court did not err. The specific evidence shows nothing more than a specific act of misconduct of CC. The proper method of challenging a witness' credibility is to ask questions regarding the witness' reputation for truth and veracity. *Hill v. State,* 608 S.W.2d 932 (Tex.Crim.App.1980). Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant contends that the trial court erred in discharging the jury after the verdict on guilt when appellant had timely and properly requested the jury to assess punishment. The record shows that prior to trial appellant filed his written election of punishment with the trial court. Before the jury returned its verdict, appellant informed the trial court that he wished to change his election of punishment from the jury to the trial court. The State and appellant's counsel consented. After the jury verdict was received the Court discharged the jury and set a hearing on punishment. Appellant then filed a motion for new trial after the trial court assessed punishment and claimed that he did not voluntarily waive his right to have the jury determine his

---

**2.** "Bumped" is apparently a term used by CC to    indicate sexual intercourse.

punishment. The trial court held a hearing on the matter and determined that appellant had in fact voluntarily changed his election of punishment. Appellant now argues that it was fundamental error for the trial court to allow the appellant to change his election of punishment in court rather than in writing. We disagree. TEX.CODE CRIM.PROC.ANN. art. 37.07 § 2(b) provides that the defendant may, with the consent of the attorney for the State, change his election of the one who assesses the punishment. The statute does not require the change to be in writing. Appellant's fifth ground of error is overruled.

The judgment of the trial court is AFFIRMED.

Opinion Published

TEX.R.CRIM.APP.P. 207