James Christian BOBO, David Ray Marshall, Margaret Fall Harper, Leon Spivey, John Dalton Witte, & Marjorie Nelson, Appellants,

v.

The STATE of Texas, Appellee.

Nos. B14–87–362–CR to B14–87–367–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1988.

Discretionary Review Refused
Dec. 21, 1988.

pregnancy termination facility. Appellants Nelson, Harper, and Witt received a ninety day jail sentence, and a $650 fine. Appellants Spivey and Marshall received a one hundred twenty day jail sentence, and a $850 fine. Appellant Bobo received a one hundred eighty day jail sentence, and a $1,000 fine. The trial court probated the sentences for one hundred eighty days, on condition that each appellant perform forty hours of community service and refrain from "trespassing, demonstrating, or picketing" at the clinic, which had changed its location to 607 Schumacher in Harris County. We affirm the judgment of the trial court, as modified.

Appellants raise fourteen points of error. The first eight points question the propriety of the trial court's rulings which resulted in exclusion of evidence the appellants argue is relevant to their claimed justification defenses. Points of error nine, ten, and eleven concern the prosecutor's closing argument. Appellants' twelfth point of error challenges certain conditions of their probation. In point of error thirteen, appellant Marshall argues the trial court erroneously denied his motion for an instructed verdict. In point of error fourteen, the appellants claim their informations did not allege offenses under Texas law.

Appellants' convictions arose from their participation in a demonstration at the West Loop Clinic, then located at 2909 West Loop South. It is undisputed that the clinic was a licensed medical facility. The clinic consisted of two main areas: a lobby and waiting area, just inside its front glass doors; and an inner area composed of an office and at least a dozen other rooms, including procedures rooms. A sliding reception window and a door separated the lobby from the clinic's inner areas. A sign affixed to the glass of the clinic's front lobby door entrance indicated the clinic was not a public place and that only those who had business with the clinic would be allowed in the waiting room. The record indicates the sign may have been removed at some time during the demonstration.

The record shows that appellants were among a large group of people who rushed

Richard W. Schmude, Tomball, for appellants.

John Holmes, Jr., Kathlyn Giannaula, Houston, for appellee.

Before MURPHY, DRAUGHN and ELLIS, JJ.

## OPINION

PER CURIAM.

This is a trespass case. Appellants, James Christian Bobo, David Ray Marshall, Margaret Fall Harper, Leon Spivey, John Dalton Witte, and Marjorie Nelson, appeal from judgments of conviction for the offense of misdemeanor criminal trespass. TEX.PENAL CODE ANN. § 30.05 (Vernon Supp.1988). The jury assessed punishment after finding appellants guilty, as charged in the informations, of having trespassed at the West Loop Clinic, a Harris County

into the lobby area of the clinic just before 8 a.m. on September 20, 1986, and stayed there until the police arrested them approximately three and one-half hours later. At trial, several witnesses identified the six appellants as members of the group. Most of the staff and several patients had already arrived at the clinic when appellants Spivey and Marshall chained the two front lobby doors together, and chained themselves to chairs in the waiting room. Appellants Nelson and Harper sat down on the floor, and other members of the group blocked the door to the inner area of the clinic. Many in the group carried chains and wore black armbands. Prior to entering the clinic, appellant Witte blocked the clinic's side emergency entrance by parking his van in front of it.

A female employee arrived at the clinic at around 8:00 a.m. Although the doors had already been chained together she managed to enter the lobby by slipping through a gap between them. Her trial testimony shows that the sign limiting access to the clinic was still posted on the glass doors when she arrived. She also stated she could not enter the inner area of the clinic because approximately twenty people blocked the door, but that she later managed to gain access to the clinic's inner area by climbing through the reception window. Several others, patients, or friends or relatives of patients, followed her, as did appellant Bobo.

Clinic administrator Evicel Ortega first called the police when she appraised the situation in the lobby and concluded it would be futile to tell the protestors to leave because of their noise. A staff member called police a second time after appellant Bobo climbed through the reception window into the clinic's inner area, but by the time police arrived Bobo had climbed back through the window into the lobby. At around 11:30 a.m., Houston Police Officer M.A. Walker and the clinic administrator both entered the lobby and asked all the protestors, including the six appellants, to leave the premises. Ten minutes later,

when no one left voluntarily, police arrested the appellants.

■ In their fourteenth point of error, appellants claim the State's charging instruments failed to allege offenses under Texas law. In each information, the State alleged the appellants did:

intentionally and knowingly enter and, after receiving notice to depart, remain in a building owned by Evicel Ortega, hereafter styled the Complainant, without the effective consent of the Complainant.

Although they failed to file motions to quash the indictment, appellants now contend the failure of the informations to allege *who* told them to leave amounts to fundamental error requiring dismissal of the informations. We disagree.

Appellants have waived all but jurisdictional defects by failing to object to the informations. *See* TEX.CODE CRIM.PROC. ANN. art. 1.14 (Vernon Supp.1988); *Thompson v. State*, 697 S.W.2d 413, 415 (Tex.Crim. App.1985) (en banc); *Green v. State*, 571 S.W.2d 13, 14 (Tex.Crim.App. [Panel Op.] 1978). *Green* defines a jurisdictional defect as one that fails to allege the elements constituting the offense, and thereby renders the indictment insufficient. 571 S.W.2d at 15.[1] In evaluating a claim of fundamental error raised for the first time on appeal, *Thompson* requires this court to construe the entire charging instrument liberally. 697 S.W.2d at 415. Thus, this court will order the informations dismissed only if we conclude, after construing them liberally and in their entirety, that the State failed to allege the essential elements of the offense of criminal trespass. *Thompson*, 697 S.W. 2d at 415; *Beck v. State*, 682 S.W.2d 550, 554 (Tex.Crim.App.1985) (en banc); *Green*, 571 S.W.2d at 15. *See also, Martinez v. State*, 742 S.W.2d 687 (Tex.Crim.App.1987) (en banc) (unless a fact is an essential element of the offense, as opposed to an evidentiary fact, the State need not plead it); *accord*, TEX.CODE CRIM.PROC.ANN. art.

---

1. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 21.23 (Vernon 1966), the same standards govern indictments and informations. *Haecker v. State,*

571 S.W.2d 920, 921 (Tex.Crim.App. [Panel Op.] 1978).

21.03 (Vernon 1966) (charging instrument should state everything the State must prove); TEX.CODE CRIM.PROC.ANN. art. 21.11 (Vernon 1966) (requiring clear and certain allegation of commission of offense).

Ordinarily, if the accusation of a charging instrument uses the same or similar language as the statute proscribing the offense, it will suffice to confer jurisdiction on the court and to give the accused adequate notice. TEX.CODE CRIM.PROC.ANN. art. 21.17 (Vernon 1966); *Thompson*, 697 S.W.2d at 415; *Beck*, 682 S.W.2d at 554. Case law construing TEX.PENAL CODE ANN. § 30.05 states that a person commits the offense of criminal trespass if: he knowingly, intentionally, or recklessly enters or remains on the property or in a building of another; without the effective consent of the owner; when he either had notice that entry was forbidden, or failed to depart after receiving notice to do so. *See Johnson v. State*, 665 S.W.2d 554, 556 (Tex. App.–Houston [1st Dist.] 1984, no pet.), citing *Day v. State*, 532 S.W.2d 302, 305–06 (Tex.Crim.App.1975). Although § 30.05(b)(2)(A–C) further defines "notice," we are not aware of any authority, either case law construing § 30.05, or provisions of the Code of Criminal Procedure, which would categorically require the State to allege the *means* of notice in order to sufficiently charge the accused. Nor have appellants cited any authority.

Here the information alleged essential elements of § 30.05(a): intentional and knowing entry; without consent; remaining; after notice to depart (the statutory alternative to notice that entry was forbidden). We hold the information was amply sufficient to charge appellants with criminal trespass for jurisdictional purposes, and reject their fundamental error claim. Appellants' fourteenth point of error is overruled.

In their first eight points of error, appellants challenge pre-trial and trial rulings by the trial court which they argue resulted in an exclusion of evidence relevant to their claimed justification theories, defense of third persons and necessity, TEX.PENAL CODE ANN. §§ 9.33 & 9.22 (Vernon 1974), respectively. Appellants further contend the court's exclusionary rulings denied them a fair trial, in violation of U.S. CONST. amend. VI, and denied them due process and due course of law in violation of U.S. CONST. amend. XIV and TEX.CONST. art. I, § 19. We disagree.

■ Appellants' first three points of error question the propriety of the trial court's granting a motion in limine in favor of the State. The motion indicates the State asked the court to prohibit evidence concerning abortions because the State sought to avoid discussion of the morality of abortion and to limit the trial to the issue of whether a criminal trespass had occurred.

Mere granting of a motion in limine cannot constitute reversible error. *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App. [Panel Op.] 1979); *Ransom v. State*, 630 S.W.2d 904, 907 (Tex.App.—Amarillo, 1982, no pet.); *cf., Rushton v. State*, 695 S.W.2d 591, 593 (Tex.App.—Corpus Christi, 1985, no pet.). The reason for this often cited rule is that a trial court's limine rulings are subject to reconsideration: the court may not, for example, rely on its having granted such a motion in order to exclude properly admissible evidence. *Norman v. State*, 523 S.W.2d 669, 671 (Tex.Crim.App.), *cert. denied*, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed. 2d 259 (1975). Further, a trial court's granting a motion in limine in an opponent's favor merely demands that a party seeking to introduce evidence approach the bench for a "definitive" ruling before attempting to put on evidence within the motion's scope. *Rushton*, 695 S.W.2d at 594. In the instant case it would have been preferable if the trial court's order had included express language reflecting its willingness to reconsider its decision to grant the State's motion in limine by requiring both appellants and the State to approach the bench concerning proffer of evidence pertinent to the motion. However, we cannot say that the failure to include such language constituted error. As *Norman* also teaches, the dispositive question on appeal is not whether the court

correctly granted the State's motion in limine. 523 S.W.2d at 671. Rather, the controlling issue is whether the court ultimately ruled properly in excluding the evidence the appellants sought to include. *Id.* Accordingly, we overrule points of error one, two, and three and turn to those points of error which address the court's exclusionary rulings.

In points of error four through eight, appellants claim the trial court unconstitutionally deprived them of a fair trial and denied them due process and due course of law by refusing to permit them to put on evidence they claim is relevant to justification defenses specifically provided for by statute: defense of third persons, TEX.PENAL CODE ANN. § 9.33; and necessity, TEX.PENAL CODE ANN. § 9.22. They question the constitutionality of the court's refusal to instruct the jury concerning those defenses.

We first note that appellants premise their contentions concerning both justification defenses on the purported invalidity of *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the United States Supreme Court decision which recognized that the constitutional right to privacy encompasses a woman's freedom to decide whether or not to terminate a pregnancy. This court must reject appellant's underlying challenge to *Roe v. Wade. See Ex parte Aldridge,* 169 Tex.Cr. 395, 400, 334 S.W.2d 161, 164 (1960); *Brady v. Doe,* 598 S.W.2d 338 (Tex.Civ.App.—Houston [14th Dist.] 1980) (per curiam), *cert. denied,* 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981).

For this court to order a reversal of appellants' convictions based on excluded evidence, we must first conclude that because the proffered evidence was relevant, the trial court erred by excluding it. *See Bird v. State,* 692 S.W.2d 65, 73 (Tex.Crim. App.), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1985). Only then may we decide whether the error harmed appellants. *See Id.;* Tex.R.App.P. 81(b)(2). Moreover, because determination of the relevancy of proffered evidence is a matter committed to the discretion of the trial court, appellants must also demonstrate

that the trial court's exclusionary rulings amounted to an abuse of discretion. *See Johnson v. State,* 698 S.W.2d 154, 160 (Tex. Crim.App.1985) (en banc), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Nubine v. State,* 721 S.W.2d 430, 432 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd); *Dominguez v. State,* 722 S.W. 2d 179, 183 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *see also, Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App. 1986) (en banc) (trial court's determination of admissibility of proffered evidence will not be reversed absent showing of clear abuse of discretion). Evidence is relevant if it tends to render a contested material issue more or less probable. *See,* TEX.R. CRIM.EVID. 401; *Garza v. State,* 715 S.W.2d 642, 644 (Tex.Crim.App.1986) (en banc); *Johnson,* 698 S.W.2d at 160; *Nubine,* 721 S.W.2d at 434.

Appellants preserved the question of the relevancy of their proffered evidence in ten bills of exception. Appellants made their first bill following their cross-examination of the administrator of the clinic, at the close of the state's case-in-chief. In the bill, the administrator described the procedures performed at the clinic and medical warnings given the patients. Two additional bills by defense witnesses contained testimony tending to show that the demonstration caused them to reflect on the dangers of the clinic's procedures. The remaining bills of exception consisted of testimony by each of the appellants. Generally, each appellant testified that in his or her opinion, the danger to the patients and the unborn created an emergency situation justifying the trespass.

It is axiomatic that a trial court commits no error when it rules to exclude proffered evidence which fails to demonstrate entitlement to a justification defense. *Roy v. State,* 552 S.W.2d 827, 830–31 (Tex.Crim. App.1977), *overruled on other grounds to the extent of conflict by Johnson v. State,* 650 S.W.2d 414, 416 (Tex.Crim.App.1983) (en banc); *Hoffart v. State,* 686 S.W.2d 259, 264 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd), *cert. denied,* 479 U.S. 824, 107 S.Ct. 95, 93 L.Ed.2d 46 (1986). To

establish that they were entitled to either the defense of third persons or necessity defenses, appellants' bills of exception must demonstrate that they met all elements of those justification theories. *See Roy,* 552 S.W.2d at 830–31. We conclude appellants' proof failed to make that showing with respect to either defensive theory.

According to TEX.PENAL CODE ANN. § 9.33:

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the *unlawful* force or *unlawful* deadly force he reasonably believes to be threatening the third person he seeks to protect; *and*
(2) the actor reasonably believes that his intervention is immediately necessary to protect the third *person* (emphasis added). ·

Focusing on the "reasonable belief" element of § 9.33, appellants stress their conviction that pregnancy terminations threatened the lives of pregnant mothers and their unborn. We conclude their bills of exception fail to meet two other necessary elements of § 9.33. Since it is undisputed that the clinic was a licensed pregnancy termination facility, nothing in any of the bills could support findings that either the clinic's procedures, or the mothers' seeking the procedures, amounted to *unlawful* force or *unlawful* deadly force. Moreover, with respect to the alleged harm to the unborn, "the word 'person,' as used in the Fourteenth Amendment, does not include the unborn." *Roe v. Wade,* 410 U.S. 113, 158, 93 S.Ct. 705, 729 (1973). Similarly, because TEX.PENAL CODE ANN. § 1.07(a)(27) defines "person" as "an individual, corporation, or association," while § 1.07(a)(17) defines "individual" as "a human being who has been born and is alive," an unborn fetus is not a "person" for purposes of the defense of third persons defense. *Ogas v. State,* 655 S.W.2d 322, 325 (Tex.App.—Amarillo, 1983, no pet.). Therefore, there

is no showing that appellants could "protect" the unborn fetuses from purported harm from either the clinic staff, or their own mothers, within the meaning of § 9.33.

■ The necessity defense, codified since 1973 at TEX.PENAL CODE ANN. § 9.22, requires a showing that:

(1) the actor reasonably believes the conduct is immediately necessary to avoid *imminent* harm;
(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the *harm* sought to be prevented by the law prescribing the conduct; *and*
(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear (emphasis added).

We conclude the evidence appellants developed in their bills of exception also fails to support the availability of the necessity defense. As its Practice Commentary recognizes, § 9.33 contemplates a case-by-case balancing in assessing competing harms: the harm the actor perceives and seeks to prevent must "clearly outweigh" the harm which will result from his acting in violation of another law, here TEX.PENAL CODE ANN. § 30.05, the criminal trespass statute. However, what the actor seeks to prevent must first be a harm.

As we have noted, it is undisputed that the clinic was a licensed pregnancy termination facility. Nothing in appellants' bills of exception tends to show that the clinic's staff or its patrons were acting other than within the constitutional right of women to terminate their pregnancies recognized in *Roe v. Wade.* While the clinic administrator acknowledged the procedures did involve certain "risks," a suggestion of the possibility of harm will not suffice to support a necessity defense. *See Schermbeck v. State,* 690 S.W.2d 315, 317–18 (Tex.App.—Dallas, 1985, no pet.) Accordingly, the contents of appellants' bills of exceptions do not demonstrate that the "harm" to the clinic's patients or their unborn clearly outweighed the harm caused by their acknowledged trespass at the clinic, as required by § 9.22(2). Moreover, while appellants

again attest to their "reasonable beliefs," as they did in attempting to raise their § 9.33 theory, nothing they developed in their bills of exceptions suggests that the "harm" they sought to prevent was imminent, as required by § 9.22(1).

The controlling issue in this case was whether appellants had committed a trespass at the West Loop Clinic. Although appellants maintain their bills of exception raised evidence relevant to their prosecution, nothing in their bills tended to make the State's allegations that a trespass had occurred less probable. *See* TEX.R.CRIM. EVID. 401. Therefore, we hold that the trial court did not abuse its discretion by excluding that proffered evidence on relevancy grounds. TEX.R.CRIM.EVID. 401; *Johnson*, 698 S.W.2d at 160; *Hoffart*, 686 S.W.2d at 263. Because determination of the relevancy of excluded evidence is the threshold issue in our analysis of appellants' points of error challenging exclusion of evidence, we need not decide whether exclusion of their proffered evidence harmed the appellants. *Bird*, 692 S.W.2d at 73.

We hold that the contents of appellants' bills of exception are irrelevant to the appellants' criminal trespass proceeding, and do not give rise to a fact issue that either § 9.22 or § 9.33 justified the appellants' trespass. In addition, since the evidence did not raise either defensive theory, the trial court properly refused to charge the jury on those defenses. *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986) (en banc); *Brooks v. State*, 642 S.W.2d 791, 799 (Tex.Crim.App. [Panel Op.] 1982). Finding nothing to support appellants' contentions that the trial court's exclusionary rulings unconstitutionally deprived them of a fair trial, due process or due course of law, we overrule points of error four through eight.

Appellants' ninth, tenth, and eleventh points of error concern the prosecutor's closing arguments to the jury. In point of error nine, appellants contend the trial court erred by permitting the prosecutor to refer to a chart during his closing argument. Appellants describe the chart, which

is not part of the record on appeal, as a listing of the names of prosecution witnesses beneath the appellants' surnames. While appellants contend the chart was not introduced into evidence, the statement of facts shows that the prosecutor displayed and referred to the chart during the entire trial, and that appellants requested that the chart be marked as State's Exhibit Nine after they objected to its use.

The prosecutor referred to the chart as his "summary" on the issue of appellants' identification. In the absence of the chart itself, the record before us indicates it is only that, particularly since the prosecutor invited the jurors to compare his chart's summary of the evidence with their own recollections and to reject the chart if they found a discrepancy between the two. Texas law recognizes summation of the evidence as one of four proper jury argument areas. *See Landry v. State*, 706 S.W.2d 105, 111 (Tex.Crim.App.1985) (en banc), *cert. denied*, 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986). Moreover, a trial court does not abuse its discretion when it permits summary of evidence by means of a visual aid. *Vera v. State*, 709 S.W.2d 681, 687 (Tex.App.—San Antonio, 1986, pet. ref'd). Appellants' ninth point of error is overruled.

In point of error ten, appellants complain of two remarks by the prosecutor. In each instance the trial court overruled appellants' objection, admonished the jurors to disregard the prosecutor's remarks, and denied appellants' motion for a mistrial, thereby laying the necessary predicate to our review. *See Stevens v. State*, 671 S.W.2d 517, 521 (Tex.Crim.App.1984) (en banc); *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App. [Panel Op.] 1982).

Appellants first complain of the prosecutor's stating that on the date in question "a whole bunch of people decided they were going to storm this building, and you have got six of them here today." Appellants maintain the trial court should have granted their motion for a mistrial because the remark created an inflammatory suggestion of conspiracy not raised by the allegations in their informations. We

disagree. We hold the comment was a reasonable deduction from evidence adduced at trial, one of the four permissible areas of jury argument. *Landry*, 706 S.W.2d at 111. The record supports the inference that appellants were among a large, noisy group of protestors who carried out a joint trespass plan.

■ Immediately after the trial court denied appellants a mistrial based on his preceding remark, the prosecutor apologized to the jury, but added that he "didn't realize [he] was that frightening to the defense attorney." The prosecutor's second remark was improper, in that it did not fall within one of the four areas of proper jury argument set out in *Landry*, 706 S.W.2d at 111. Although the trial court denied a mistrial, it did instruct the jury to disregard the prosecutor's remark. Because the prosecutor directed his improper remark to the appellants' counsel, rather than to the appellants themselves, he fell short of injecting into his argument new facts that were harmful to the accused. *Todd v. State*, 598 S.W.2d 286, 297 (Tex. Crim.App. [Panel Op.] 1980).

Finally, because neither of the prosecutor's comments was of such an inflammatory nature that the trial court's instructions to disregard could not have reasonably cured their alleged prejudicial effect, appellants have failed to show reversible error. *Johnson v. State*, 611 S.W.2d 649 (Tex. Crim.App. [Panel Op.] 1981). Appellants' tenth point of error is overruled.

In their eleventh point of error, appellants point to portions of the prosecutor's closing argument to which they did not object during trial. They now argue the prosecutor urged the jury to convict them on a theory of "notice to depart" which the State had not alleged in their informations. They maintain the trial court committed fundamental error when it failed to correct the prosecutor on its own motion. We disagree. The failure to object results in a waiver of alleged jury argument error. *See Drew v. State*, 743 S.W.2d 207, 218–21 (Tex.Crim.App.1987) (en banc); *cf., Green v. State*, 682 S.W.2d 271, 295 (Tex.Crim. App.1984) (en banc), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985) (unless the argument is so prejudicial that no instruction to disregard could have cured its alleged harm, failure to object results in a waiver of purported error).

Notwithstanding their failure to object to this last purported error in jury argument, we have reviewed the merits of appellants' contentions in the interest of justice. Appellants contend that by referring to the sign affixed to the clinic's lobby doors as satisfying notice for purposes of a criminal trespass conviction, in addition to the administrator's notice to depart alleged in the informations, the prosecutor authorized the jury to convict them on a theory not alleged by the State. We disagree. Rather, we conclude the argument was a reasonable deduction from evidence concerning the restricted entry sign developed during trial. *Landry*, 706 S.W.2d at 111. The argument merely conforms to two of the statutory definitions of notice set out at Tex.Penal Code Ann. § 30.05(b)(2). The court included these definitions in its charge, to which appellants objected, but on different grounds. Because the argument conformed to the court's charge, no reversible error is shown. *See Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Crim.App. [Panel Op.] 1982). Moreover, we cannot say there is a reasonable possibility that the prosecutor's reference to the sign contributed to the conviction. *Drew*, 743 S.W. 2d at 222. Appellants' eleventh point of error is overruled.

The thirteenth point of error raises the contention that the trial court erred by failing to render an instructed verdict in appellant Marshall's case, Cause No. 912,-866. While appellants acknowledge that Marshall "voluntarily disabled" himself by chaining himself to a chair, they claim the evidence fails to show he received notice to depart after he was freed from his chains. We hold that appellants waived any possible error based on this contention by proceeding to put on their defense after the State rested. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App. [Panel Op.] 1980); *Springer v. State*, 721 S.W.2d 510, 512 (Tex.App.—Houston [14th Dist.] 1986,

pet. ref'd); *Martin v. State*, 704 S.W.2d 892, 893 (Tex.App.—Houston [14th Dist.] 1986, no pet.). Appellants' thirteenth point of error is overruled.

 In their twelfth point of error, appellants question the trial court's requiring them to refrain from "picketing and demonstrating" at the clinic's new location as a condition of their probation. We conclude the trial court did not comply with the provisions of TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3a(b) (Vernon Supp.1988) when it imposed those conditions of probation.

The court responded to the jury's recommendation when it ordered the appellants' sentence probated. Article 42.12 § 3a(b) states in pertinent part:

> If probation is granted by the jury in a misdemeanor case, the court may impose *only* those conditions which are set out in Section 6, 6a, or 6b hereof. The court may impose any one or all of those conditions (emphasis added).

*See also, Tamez v. State*, 534 S.W.2d 686, 691 n. 5 (Tex.Crim.App.1976) (contrasting permissible range of "reasonable" conditions of probation in a felony case from those available in misdemeanor case when jury recommends probation); *cf., Chacon v. State*, 558 S.W.2d 874, 875 (Tex.Crim.App. 1977) (reciting rule governing conditions of probation in a felony case, where court may impose "reasonable" conditions of probation in addition to those enumerated in TEX.CODE CRIM.PROC.ANN. art. 42.12 § 6).

Because the Code of Criminal Procedure empowers a trial court to demand that a probationer commit no violations of the law, it properly conditioned appellants' probation on a requirement that they not trespass at the clinic's new location. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 6(a)(1); *Hoffart*, 686 S.W.2d at 264. But because picketing and demonstrating do not amount to violations of the laws of this State or the United States, and are therefore without the scope of Article 42.12 § 6, we hold that the trial court exceeded its statutory powers in ordering those conditions of probation. Having reached this conclusion, we need not address the constitutional claims

appellants developed in arguing this point of error.

Accordingly, we modify the judgment by deleting the words "demonstrating or picketing" from the conditions of probation. As modified, the judgment is affirmed.