

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00407-CR

DAVE MICHAEL ESTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2020-267A, Honorable R. Bruce Boyer, Presiding

August 15, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Rulings on motions in limine do not generally preserve error. Following a plea of not guilty, Appellant, Dave Michael Estes, was convicted by a jury of three counts of intoxication manslaughter,[1] with a deadly weapon finding. The jury imposed a sentence of twenty years each on the first two counts and eighteen years on count three. The trial court ordered the sentences run consecutively. By a sole issue, Appellant argues the trial

---

[1] TEX. PENAL CODE ANN. § 49.08(b)

court, by granting the State's motion in limine, impermissibly prohibited him from disclosing the number of counts he faced and the number of victims involved during voir dire.[2]  We affirm.

## BACKGROUND

On November 10, 2019, Appellant caused an automobile collision which resulted in the deaths of three people.  Appellant made statements to multiple witnesses that he had been drinking at the time of the collision.  Before the incident, a citizen called 911 and relayed that Appellant was "driving nuts."  After the incident, law enforcement obtained a sample of Appellant's blood, and the results showed his blood-alcohol content was more than twice the legal standard for intoxication in Texas.

Prior to voir dire, on the first day of trial, the State urged a motion in limine. Appellant agreed to most of the motion in limine but argued against the following request:

> Any reference to specific facts in this case during voir dire such as such information could taint the panel and would constitute improper commitment if used as a basis of a challenge for cause.  Accordingly, there should be no reference to any information regarding the nature of death in this case or identifying information about the person or persons involved.  Any information beyond the fact the Defendant is charged with the offense of intoxication manslaughter and manslaughter is evidentiary in nature.  Such evidence is only proper through the testimony of witnesses and the exhibits admitted at trial.

The State argued Appellant should not be able to mention there were multiple counts or the number of victims: "the number of counts isn't an appropriate challenge for cause."

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

Appellant's trial counsel, during the hearing on the motion in limine, argued: "I just think it's more accurate to tell them, for instance, "Mr. Estes is charged with three counts of intoxication manslaughter and three counts of manslaughter, period." The trial court granted the motion in limine.

## ANALYSIS

As a general rule, a reviewing court should not address the merits of an issue that has not been preserved for appeal, and it is the duty of that court to ensure that the issue has been preserved for review. *See Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g) (citing, *inter alia, Ford v. State,* 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009)). Here, the State argues Appellant has failed to preserve his sole issue for review. We agree. Appellant argues the trial court, by granting the State's motion in limine, impermissibly prohibited him from disclosing the number of counts Appellant faced and the number of victims involved during voir dire. However, during voir dire, Appellant never presented the trial judge with one or more specific questions on which he could make a ruling. In *Cockrum v. State*, the Court of Criminal Appeals held:

> Because this Court applies the abuse of discretion standard, set out above, for deciding appeals concerning the *manner* of voir dire, it is essential that the record present this Court with a question which the trial judge has not allowed to be answered. If counsel refrains, for what ever [sic] reason, from asking a question, the judge is denied the opportunity to make a ruling. Thus, we are unable to review the correctness of a ruling which was never made. For appellant to have a cognizable point of error, the record must reflect a ruling which appellant wishes to challenge. See Tex.R.App.Pro. 52(a).

758 S.W.2d 577, 584 (Tex. Crim. App. 1988) (emphasis in original).

3

In the underlying case, Appellant failed to preserve a reviewable error in two respects: first, he never presented the trial court with a specific question; second, he failed to obtain an adverse ruling as to that question. Having never framed a question, Appellant has preserved nothing for this Court to review.

Appellant argues the trial court impliedly ruled on his voir dire "question" by the trial court's grant of the State's motion in limine. A motion in limine is "a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means . . . . However, it is also, by its nature, subject to reconsideration by the court throughout the course of the trial. This is because it may not be enforced to exclude properly admissible evidence." *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975). A motion in limine is not a ruling that excludes evidence; rather, it merely requires the parties to approach the trial court for a definitive ruling before attempting to put on evidence within the scope of the motion in limine order. *Bobo v. State*, 757 S.W.2d 58, 61 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). "It is axiomatic that motions in limine do not preserve error." *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). A ruling on a motion in limine is not a ruling on the merits but one which regulates the administration of a trial. *Id.*

Even if the trial court had "disapproved of an area of inquiry," which it did not in simply granting the State's motion in limine, Appellant did not propound any specific "questions" he wanted to ask the panel. Accordingly, because it is not preserved for our review, we overrule Appellant's sole issue.

**STATE'S MOTION TO EXPEDITE APPEAL**

Pending before this Court is a motion filed by the State for expedited disposition of this appeal due to upcoming or pending related civil proceedings. Our disposition of this appeal renders the motion moot.

**CONCLUSION**

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.