Jack Lynn HOFFART, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–84–361CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 17, 1985.

Rehearing Denied Feb. 7, 1985.

Richard W. Schumude, Tomball, for appellant.

John B. Holmes, Dist. Atty., Rory C. Flynn, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the judgment of conviction of the offense of criminal trespass. Appellant, Jack Lynn Hoffart, pled not guilty. The jury found him guilty and assessed his punishment at thirty (30) days in jail, probated for six (6) months, and a fine of $500. We affirm.

Appellant is a member of Life Advocates, an anti-abortion group. For approximately a year, he had picketed outside of clinics which performed abortions. On February 4, 1984, appellant was picketing outside the West Loop Clinic, a private women's clinic which performed abortions, among other services. Appellant had picketed outside the West Loop Clinic on several occasions. Several employees of the clinic testified that they told appellant not to protest inside the building, although appellant denies being warned.

Evicel Ortega, the clinic administrator, testified that on the day of appellant's arrest, February 4, 1984, a patient complained to her that appellant was upsetting her. Ortega asked appellant, who was at the clinic door, not to come in the clinic. She testified that appellant left and went back to his usual pacing on the public sidewalk. Ortega stated that appellant later came into the waiting area of the clinic with a sign and began talking and motioning. Officer Piccolo, who worked an extra job at the clinic as a security officer and who previously told appellant on other occasions not to enter the building, arrested him for criminal trespass.

Appellant brings twenty-three (23) grounds of error on appeal. We will handle them within four broad categories: (1) pre-trial motions, (2) trial, (3) jury instructions, and (4) sentencing.

## I. PRE–TRIAL MOTIONS

■ Three grounds of error complain of the way the court handled the pre-trial motions. In ground of error one appellant asserts that the trial court erred when it denied his pre-trial motion to compel the clinic to produce the names, addresses, and telephone numbers of all females who were in the clinic's waiting room when appellant entered the clinic. He claims those witnesses were needed to support his denial and justification defenses. His second ground of error states that the trial court erred when it denied appellant's motion to reconsider. We do not think that appellant presents any error in either ground. Originally the information read:

Jack Lynn Hoffart, hereafter styled the Defendant, heretofore on or about February 4, 1984, did then and there unlawfully and with notice that entry was forbidden, intentionally and knowingly enter and remain in a building owned by Carol Kofalt, hereafter styled the Complainant,

without the effective consent of the Complainant.

It is further presented that in Harris County, Texas, Jack Lynn Hoffart, hereafter styled the Defendant, heretofore on or about, February 4, 1984, did then and there unlawfully intentionally and knowingly enter and, after receiving notice to depart, remain in a building owned by Carol Kofalt, hereafter styled the Complainant, without the effective consent of the Complainant.

The State, in mid-trial, moved to dismiss the second paragraph of the information and the judge charged the jury as follows:

... if you believe from the evidence beyond a reasonable doubt that the Defendant, JACK LYNN HOFFART, did, in Harris County, Texas, on or about the 4th day of February, 1984, with notice that entry was forbidden, intentionally or knowingly enter or remain in a building owned by CAROL KOFALT, without the effective consent of CAROL KOFALT, you will find the defendant guilty.

Since the second paragraph of the information was dropped, appellant did not need the names of the women in the waiting room. The requirement of "receiving notice to depart" was eliminated and, therefore, the testimony of the people in the waiting room became irrelevant.

■ Ground of error twelve also complains of a pre-trial error. He argues that the trial court erred in denying his pre-trial motion to dismiss the information because the criminal trespass statute was unconstitutionally applied in his case. He alleges that it infringed upon his constitutional right to free speech. We disagree. The clinic was justified in excluding appellant from its property. A privately run clinic is not a public forum for First Amendment purposes. The Supreme Court noted in *Central Hardware Co. v. NLRB*, 407 U.S. 539, 547, 92 S.Ct. 2238, 2243, 33 L.Ed.2d 122 (1972):

Before an owner of private property can be subjected to the commands of the First and Fourteenth Amendments the privately owned property must assume to some significant degree the functional attributes of public property devoted to public use. The First and Fourteenth Amendments are limitations on state action, not on action by the owner of private property used only for private purposes. The only fact relied upon for the argument that Central's parking lots have acquired the characteristics of a public municipal facility is that they are "open to the public." Such an argument could be made with respect to almost every retail and service establishment in the country, regardless of size or location. To accept it would cut [*Amalgamated Food Employees Union Local 590 v.*] *Logan Valley* [*Plaza, Inc.*, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603] entirely away from its roots in *Marsh* [*v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265]. It would also constitute an unwarranted infringement of long-settled rights of private property protected by the Fifth and Fourteenth Amendments.

■ The clinic has more aspects of private property than public property. Appellant's right to free speech was not infringed on and the criminal trespass statute was not unconstitutionally applied to him. Ground of error twelve has no merit.

## II. TRIAL ERROR

■ Appellant brings eight grounds of error asserting trial error. His thirteenth ground alleges that the trial court erred in refusing to allow appellant to introduce medical evidence at trial. The evidence concerned, among other things, the point at which human life begins, development characteristics of the unborn child, and the effects of an abortion upon the unborn child. Appellant claims that such evidence was relevant and material to his justification defenses. He also claims that the evidence would corroborate a portion of appellant's testimony at trial. In his fourteenth point of error, appellant argues that the trial court erred in sustaining the State's objection to a question posed to three witnesses (two witnesses at the clinic

and a clinic employee) on abortion activities at the clinic. Again, appellant claims that such evidence was material to appellant's defenses and would corroborate portions of appellant's testimony. He also asserts that such evidence would show bias by some clinic employees who testified against appellant. The excluded material, we hold, was irrelevant to this criminal trespass case. We will handle the matter of his defenses later.

■ Grounds of error sixteen and twenty allege error because the trial court excluded from evidence examples of the clinic's advertisements (from a TV newspaper supplement and the yellow pages) and a copy of the clinic's lease. Those issues are merely conclusory statements without elaboration or authority. Appellant has failed to cite any authority to support his position. As such, they fail to comply with TEX.CODE CRIM.PRO.ANN. art. 40.09, § 9 (Vernon Supp.1984), and preserve nothing for review. *Phillips v. State*, 511 S.W.2d 22, 25–26 (Tex.Crim.App.1974) and *Daniel v. State*, 486 S.W.2d 944, 948 (Tex. Crim.App.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1433, 35 L.Ed.2d 692 (1973).

■ Appellant's seventeenth ground of error alleges that the trial court erred in denying appellant's motion for a directed verdict of not guilty or a judgment of acquittal because the evidence was insufficient to support a verdict of guilty. Appellant has failed to preserve this point adequately by failing to cite additional authority. *Phillips*, 511 S.W.2d at 25–26; *Daniel*, 486 S.W.2d at 948. Even if the question were properly preserved, there would be no error.

■ Appellant's challenge to the sufficiency of the evidence ignores the fact that on appeal, the sufficiency of the evidence is to be viewed in the light most favorable to the verdict. "The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. A jury is entitled to accept one version of the facts and reject another or reject any of a witness' testimony." *Pena-*

*graph v. State*, 623 S.W.2d 341, 343 (Tex. Crim.App.1981). When viewed in this light, the evidence was more than sufficient to sustain conviction.

■ The eighteenth ground of error claims that the trial court erred in overruling appellant's trial objection to the State's question, addressed to appellant, as to the goal of the Life Advocates. Appellant claims that the court's error made it appear that the Life Advocates and appellant were attempting to take away the abortion rights of the all woman jury. Appellant's objection to the question was, "I don't think that's relevant." The objection was properly overruled. The objection was general and preserved nothing for review. *Smith v. State*, 513 S.W.2d 823, 829–30 (Tex.Crim.App.1974).

■ His fifteenth ground of error alleges that the trial court erred in sustaining the State's objection to appellant's question of a Houston police officer concerning the names and addresses of the witnesses in the clinic's waiting room. He claims that such testimony would show the officer's bias and would impeach the officer, and that the trial court erred in not allowing appellant to develop the testimony. There was no abuse of discretion. *Rovinsky v. State*, 605 S.W.2d 578, 580 (Tex.Crim.App. 1980).

■ Appellant's ground of error nineteen asserts error because the trial court sustained the State's objection to a question concerning whether appellant felt that the sidewalk area provided adequate space to talk to the women. Appellant argues that the question was designed to elicit relevant and material evidence to appellant's defense of free speech. We find that no error has been preserved. Before appellant could answer, the prosecutor objected and the trial court sustained that objection. Appellant made no bill of exceptions as to what appellant would have said and, therefore, error was not preserved. *Toler v. State*, 546 S.W.2d 290, 295 (Tex.Crim.App. 1977); *Stein v. State*, 514 S.W.2d 927, 930 (Tex.Crim.App.1974).

### III. JURY INSTRUCTIONS

■ Appellant complains of the jury instructions in eleven (11) grounds of error. Grounds of error number nine and twenty-two assert that the trial court erred in refusing to instruct the jury on the defense of free speech. The requested charge, which is a misstatement of the law, suggests that the jury should interpret the law. The trial court, as we have already discussed, correctly decided that the criminal trespass statute was not unconstitutionally applied to appellant. Appellant was not entitled to a second determination by the jury.

■ In nine other grounds of error appellant asserts that the trial court committed error in not instructing the jury on the following defenses: defense of third person, defense of protection of life or health, defense of necessity, defense of mistake of fact. Appellant also complains of rejected requests to instruct the jury on other forms of notice. We hold that all of appellant's rejected defenses and instructions were not raised by the evidence and appellant was not entitled to any of the rejected defenses or instructions. *Brooks v. State*, 642 S.W.2d 791, 799 (Tex.Crim.App.1982).

### IV. SENTENCING

■ Appellant in his last ground of error complains of the court's sentencing. The court required as a condition of probation that appellant "not enter upon the premises of any establishment that you are picketing the outside of." He alleges that the conditions of appellant's probation placed a prior restraint on appellant's exercise of his United States and Texas Constitutional rights. In his reply brief appellant cites *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419, 91 S.Ct. 1575, 1577, 29 L.Ed.2d 1 (1971) and *New York Times Co. v. United States*, 403 U.S. 713, 715, 91 S.Ct. 2140, 2142, 29 L.Ed.2d 822 (1971) for the proposition that prior restraints on expression carry a heavy constitutional presumption against its constitutional validity. He argues that the condition imposed by the court is an outright prohibition of the right of free speech. We disagree. The condition is not a prohibition on the right of free speech. Following the principles of modern property law, the trial court properly, within constitutional dictates, limited appellant's right to free speech.

Accordingly, the judgment of the trial court is affirmed.