Louis Stephen EGGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00062–CR.

Court of Appeals of Texas,
El Paso.

Oct. 9, 1991.

Richard Munzinger, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Joe Lucas, County Atty., El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

PER CURIAM.

Appellant, Louis Stephen Egger, intentionally trespassed and obstructed a passageway at an El Paso women's clinic in an effort to express his beliefs that children were being killed by abortions conducted at the clinic. The Appellant was charged and convicted of criminal trespass and obstructing a passageway, and the jury assessed punishment at 180 days' imprisonment, probated, and a $500.00 fine on each count.

Appellant alleges that the trial court erred in excluding testimony and exhibits of: (1) Appellant's beliefs that an unborn infant is a human life; (2) Dr. Greer Craig, M.D. on in utero infant development and its humanity; (3) abortion techniques and their effects on the infant; (4) Gloria Martinez as to abortions to be conducted on the day of the offenses; and (5) the age of the

infants to be aborted on that day and the anesthetic to be administered.

In Points of Error Nos. Fifteen and Sixteen, Appellant argues that the trial court erred in refusing to instruct the jury on both the defenses of necessity and mistake of fact, respectively. Finding no error in the trial court's judgment, we affirm.

## STATEMENT OF FACTS

On October 7, 1989, El Paso police officers were summoned to the fifth floor of University Tower regarding a criminal trespass. Upon arrival, employees of the Womens Reproductive Services advised the officers that over twenty people were blocking the entrance to the clinic. Under the threat of prosecution, they failed to leave the building after being warned by both the building manager and a police officer. Consequently, the police began to forcibly remove the subjects by arresting them. Appellant was among those arrested and subsequently charged with obstructing a passageway and criminal trespass.

Appellant's first fourteen points of error allege that the trial court wrongfully excluded evidence from the trial of the case. Appellant argued that the evidence was necessary to support the defenses of necessity and mistake of fact. Appellant and an obstetrician sought to testify as to their understanding of fetal development and its humanity even though unborn. They also sought to testify as to the techniques of abortion and the effects upon the fetus. The Appellant argued that this evidence was relevant and necessary to show the reasonableness of their belief that an unborn is a life in need of protection. Although the trial court prohibited introduction of this evidence before the jury, a bill of exception was made, and Appellant's alleged error was preserved.

■ A trial court errs in excluding evidence only if to do so affects a substantial right of the accused. *See* Tex.R.Crim.Evid. 103(a). An accused's right to present a particular defense may be restricted if all of the elements of the defense are not met by the presentation of material and relevant evidence. *Roy v. State*, 552 S.W.2d

827, 830–31 (Tex.Crim.App.1977), *overruled on other grounds, Johnson v. State*, 650 S.W.2d 414, 416 (Tex.Crim.App.1983); *Hoffart v. State*, 686 S.W.2d 259, 264 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd), *cert. denied*, 479 U.S. 824, 107 S.Ct. 95, 93 L.Ed.2d 46, (1986). This state's jurisprudence affords the trial court wide discretion in liberally construing the rules of evidence to determine the admissibility of evidence. *See generally, Dorsett v. State*, 761 S.W.2d 432, 433 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). The trial court will not be found to have abused its discretion if the proffered, but excluded, evidence does not tend to render a contested material issue more or less probable. *Garza v. State*, 715 S.W.2d 642, 644 (Tex. Crim.App.1986); *Breeding v. State*, 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd).

## I. NECESSITY

■ The defense of necessity is codified at Tex.Penal Code Ann. § 9.22 (Vernon 1974) and it justifies criminal conduct if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing [sic] the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

Here, the central issues of material fact of Appellant's necessity defense is that he reasonably believed (1) that obstructing the passageway and (2) that remaining in the building was "immediately necessary to avoid imminent harm." *Id.* As a general rule, determination of the reasonableness of the accused's belief is a question of fact. *Fitzgerald v. State*, 782 S.W.2d 876, 885 (Tex.Crim.App.1990); *Sanders v. State*, 707 S.W.2d 78, 79–80 (Tex.Crim.App.1986). However, the accused's belief can be unreasonable as a matter of law. *See Breeding; Wilson v. State*, 777 S.W.2d 823, 825 (Tex.

App.—Austin 1989, pet. granted). See also *Graham v. State,* 566 S.W.2d 941, 952 n. 3 (Tex.Crim.App.1978) (if no evidence of applicable standard of reasonableness is proffered to raise fact issue, determination is outside realm of jury's discretion). Unreasonableness as a matter of law is derived not from a balancing of harms in the necessity defense's second prong. Rather, it arises in the absence of material and relevant evidence to support the first prong.

 The first prong of the necessity defense requires evidence of both immediate necessity and imminent harm. If proof in support of either of these elements is missing, the trial court does not err in failing to submit the defensive instruction. *Roy.* Cf. *Willis v. State,* 790 S.W.2d 307, 315 (Tex.Crim.App.1990). Without determining immediacy which may or may not have existed, our review will concentrate upon the existence of evidence of a legally cognizable harm which Appellant sought to prevent. *See Reed v. State,* 794 S.W.2d 806, 810 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). Appellant places emphasis on the statutory definition of "harm". As codified, the term "means anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." Tex.Penal Code Ann. § 1.07(a)(16) (Vernon 1974). Arguing that Appellant regards the result of abortion to be the loss of something, namely the life of the unborn, he asserts that a harm existed. While this may be true in his eyes, this Texas statutory provision must give way to a woman's constitutional right to decide whether or not to terminate a pregnancy as established in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, (1973). As a

Court of *stare decisis,* we are bound to adhere to the ruling of the United States Supreme Court, regardless of our or anyone else's view of the propriety of that decision. Accordingly, to be legally operative, the "harm" perceived by the proponent of a defense of necessity cannot serve to derogate the rights of others as prescribed by a higher authority.

### A. Exclusion of Evidence

 Attempting to distance himself from *Roe v. Wade,* Appellant argues that the unborn is an entity worthy of protection.[1] Even though the life of the unborn may have some value, the United States Supreme Court has determined that it is the mother of the unborn who must ascribe that value and not the conscience of those who oppose abortion. The evidence proffered in Appellant's bill of exception goes only to the balancing of values between the humanity of the unborn and the obstruction of a passageway or deprivation of the owner's use, control and peaceable enjoyment of his property. Nothing in the bill of exception evidence indicates possible loss, disadvantage or injury to a person other than a fetus which is not within the purview of the statutory definition of person. *Ogas v. State,* 655 S.W.2d 322, 325 (Tex.App.—Amarillo 1983, no pet.); Tex.Penal Code Ann. § 1.07(a)(17), (27). Consequently, the excluded evidence did not meet the threshold requirement of materiality and relevance as to the existence of a legally operative harm. *See Brumley v. State,* 804 S.W.2d 659, 661 (Tex.App.—Amarillo 1991, no pet.); *Reed.* Discretion is not abused in excluding such evidence. Without more, Appellant's beliefs were unrea-

---

1. In so doing, Appellant cites two Texas cases in which the courts found the existence of a cause of action for injury to the unborn or its rights. See *Leal v. C.C. Pitts Sand and Gravel, Inc.,* 419 S.W.2d 820 (Tex.1967) (recognizing existence of two entities); *Nelson v. Galveston, H. & S.A. Ry. Co.,* 78 Tex. 621, 14 S.W. 1021 (1890) (unborn's right of action under state's wrongful death act). These do not serve Appellant's purpose of determining the presence of harm or injury in that the cases involve nonconsensual injury to the unborn or its rights caused by a third party; whereas, *Roe v. Wade* establishes that the moth-

er of the unborn has the qualified right to consent to terminate the pregnancy even though abortion results in the death of the fetus. Likewise, Appellant's reliance upon the Natural Death Act, Tex.Health & Safety Code Ann. § 672.019 (Vernon Pamphlet 1991), is similarly misplaced because the statute's prohibition of termination of a comatose pregnant woman's life involves a situation in which the mother cannot or does not consent to the resulting termination of the pregnancy due to her *non-compos mentis* mental state.

sonable as a matter of law in respect to his proposed defense of necessity, and the trial court could properly deny submission of the defense to the jury. *Breeding; Wilson.*

### B. Failure to Instruct

■ The record indicates that the clinic staff and its patients were attempting to do only that which is constitutionally permissible. *Erlandson v. State,* 763 S.W.2d 845, 852 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 493 U.S. 852, 110 S.Ct. 152, 107 L.Ed.2d 110 (1989). Moreover, the record is devoid of evidence showing any force, harm or injury to a person or individual recognized as such under current Texas law which would have justified Appellant's conduct. *Brumley; Boushey v. State,* 804 S.W.2d 148, 150 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Crabb v. State,* 754 S.W.2d 742, 744–45 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), *cert. denied,* 493 U.S. 815, 110 S.Ct. 65, 107 L.Ed.2d 32 (1989). Since neither the excluded evidence nor the evidence presented to the jury raised a fact issue as to the presence of a legal harm, all of the elements of the necessity defense were not established. As a result, the proposed jury instruction on necessity was properly disregarded. *Brumley; Reed. See also Bobo v. State,* 757 S.W.2d 58, 63–64 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989).

### II. MISTAKE OF FACT

■ At this juncture, Appellant would argue that such a conclusion commands a mandatory finding that he was factually mistaken which gives rise to a legal excuse for his conduct. The argument which follows is that if Appellant's beliefs regarding the humanity and life of the fetus and the perceived harm which occurs due to an abortion are wrong, then the evidence to that extent was relevant to support an alternative mistake of fact defense. Additionally, the trial court assertedly erred in failing to submit Appellant's defensive issue thereon. The defense of mistake of fact is codified at Tex.Penal Code Ann. § 8.02(a) (Vernon 1974), and it provides that: "[i]t is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." The defense is applicable only if the actor's mistake affects his culpable mental state regarding commission of the offense charged. *See Willis* at 314.

### A. Exclusion of Evidence

■ With respect to the obstruction charge, the Appellant could be found guilty if the jury found that they had: "without legal privilege or authority, ... intentionally, knowingly, or recklessly ... disobey[ed] a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer...." Tex.Penal Code Ann. § 42.03(a)(2) (Vernon 1989). Therefore, to be material or relevant, the evidence proffered by Appellant must establish a lack of intent, knowledge or recklessness in their failure to disobey the officer's order to move. The bill of exception evidence on fetal development, fetal humanity, abortion techniques and the effects of abortion on the fetus does not in any manner tend to render Appellant's mental state (as to disobeying the order) more or less probable. Thus, the evidence is neither legally or factually relevant to mistake of fact as to obstruction of a passageway, and the trial court properly excluded it.

As to trespass, the jury considered whether Appellant intentionally and knowingly [2] "remain[ed] on property ... of another without effective consent and [they]

---

2. While § 30.05 of the Penal Code does not indicate a required culpable mental state, § 6.02(b) outlines that in most offenses, a culpable mental state is required. Just as § 6.02(c) expounds, the Court of Criminal Appeals has held that criminal responsibility for a trespass offense must be established by proof of either intent, knowledge or recklessness. *Holloway v. State,* 583 S.W.2d 376, 377 (Tex.Crim.App.1979); *West v. State,* 567 S.W.2d 515, 516 (Tex.Crim.App.1978). *But see, Reed v. State,* 762 S.W.2d 640, 646 (Tex.App.—Texarkana 1988, pet. ref'd) (stating conviction requires no other mental state than volitional refusal to leave). None-

... received notice to depart but failed to do so." Tex.Penal Code Ann. § 30.05(a)(2) (Vernon 1989). In order for mistake of fact to apply, it is essential that Appellant demonstrate with some evidence how he unintentionally or unknowingly remained on the property after having received notice to depart. We fail to understand how the excluded evidence, as previously discussed, would render it more or less probable that Appellant lacked the intent to remain or lacked the knowledge that his presence was not desired. As a result, the evidence was not relevant pursuant to Tex. R.Crim.Evid. 401. *Hoffart* at 262–63; *Brumley* at 662. Therefore, the trial court's exclusion of the evidence was properly guided and no abuse of discretion occurred.

### B. Failure to Instruct

Having concluded that the bill of exception evidence was properly excluded and that no other evidence was submitted supportive of Appellant's mistake of fact defense concerning either the obstruction or the trespass charge, the trial court did not err in refusing to submit the defensive instructions as requested by Appellant. *See generally Roy.*

### III. CONCLUSION

Since the trial court properly excluded the evidence notwithstanding Appellant's argument in respect to necessity and mistake of fact, we overrule Points of Error Nos. One through Fourteen. In the absence of any other evidence establishing the elements of Appellant's defensive issues, the trial court properly denied submission of the requested jury instructions. Accordingly, we overrule Points of Error Nos. Fifteen and Sixteen.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.

theless, the informations filed against Appellant charges that the act was committed intentional-