Brad E. **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–92–328–CR.

Court of Appeals of Texas,
Corpus Christi.

May 27, 1993.

Millard O. Anderson, Jr., Ludwick & Anderson, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of criminal trespass, and the trial court assessed his punishment at forty-five days in jail. By two points of error, appellant complains that the trial court erred in failing to sub-

mit his requested instructions to the jury. We affirm.

Appellant was arrested at the A to Z Women's Health Services, a women's gynecological center in Dallas, Texas, while anti-abortion protestors blocked the entrances of the building. Appellant was arrested as he stood against the front door. Ms. Betty Pettigrew, director of the clinic, testified that before appellant's arrest she notified him, face to face, to leave the premises. Appellant testified that he knew he had been warned, either by the police or by Ms. Pettigrew, to leave the property. Appellant refused to leave and was charged with violating Texas's trespass law by knowingly and intentionally remaining on Pettigrew's property without her effective consent after appellant had notice to depart. *See* Tex.Penal Code Ann. § 30.-05(a)(2) (Vernon 1989).

Appellant filed a written request for the trial court to charge on the defenses of necessity and mistake of fact. The trial court denied both requested charges.

By point of error one, appellant contends that the trial court erred in refusing to instruct the jury on the defense of necessity. Appellant's requested charge essentially repeated and applied the relevant portions of section 9.22 of the Texas Penal Code to the facts of the case.[1] Appellant challenges subsection (1) of section 9.22 which provides that "[c]onduct is justified if ... the actor reasonably believes the conduct is immediately necessary to avoid imminent harm...." Tex.Penal Code Ann. § 9.22 (Vernon 1974). Appellant maintains that the harm he is attempting to avoid is third trimester abortions. "Except as provided by subsection (d) of this section,[2] a

---

1. The charge read in relevant part:

   [I]f ... you further find from the evidence, or you have a reasonable doubt thereof, that at the time of such conduct by the Defendant, if any, the Defendant reasonably believed that such conduct on his part was immediately necessary to avoid imminent harm, to-wit: to prevent the commission of third trimester abortions from being performed in the property of Betty Pettigrew and that the desirability and urgency of avoiding the harm caused by third trimester abortions, according to ordinary standards of reasonableness, clearly outweighed the harm sought to be prevented by the law proscribing

the remaining in the property of Betty Pettigrew, without her effective consent after having notice to depart by oral communication from the said Betty Pettigrew, then you will acquit the Defendant and say by your verdict not guilty.

2. Subsection (d) of article 4495b, section 4.011 states that:

   Subsection (b) ... does not prohibit a person from performing an abortion if at the time of the abortion the person is a physician and concludes in good faith according to the physician's best medical judgments:

person may not intentionally or knowingly perform an abortion on a woman who is pregnant with a viable unborn child during the third trimester of the pregnancy." TEX.REV.CIV.STAT.ANN. art. 4495b, § 4.011(b) (Vernon Pamph.1993).

Appellant contends that the defense of necessity was raised by his testimony that he believed that on the date of the alleged offense, third-trimester abortions would be performed at the clinic. Further, appellant argues that it is the reasonableness of his belief and not the harm itself that must be in evidence. We disagree.

■ The record reflects that appellant testified that the activities which led to his arrest were to prevent abortions from being performed, including third-trimester abortions. By a bill of exception, Ms. Carol Everett, an employee of a pro-life organization and a former manager and co-owner of clinics where abortions were performed, testified that third-trimester abortions are commonplace. She further testified that the physician-owner of the A to Z Women's Health Center allowed late second- and third-trimester abortions to be done at his clinics.

Nothing appellant developed in his testimony or bill of exception suggests that the harm he sought to prevent was imminent, as required by section 9.22(1) of the Texas Penal Code. *See Bobo v. State*, 757 S.W.2d 58, 64 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied*, 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989). There is no evidence in the record that third-trimester abortions were present-ly being performed at the clinic, or that any particular woman on that particular morning was scheduled to undergo a third-trimester abortion. The imminence of the harm as well as the reasonableness of the belief must be in evidence. We conclude that the evidence fails to support the giving of an instruction on the defense of necessity. Appellant's first point of error is overruled.

By point of error two, appellant contends that the trial court erred in refusing to instruct the jury on the defense of mistake of fact.[3] Appellant testified he believes that an infant in his/her mother's womb is a human being. Appellant argues that, if the unborn child is not human, his reasonable mistaken belief that he was attempting to save a human life, should have been submitted to the jury as justifying his refusal to leave the abortion clinic when ordered to do so.

■ The defense of mistake of fact provides that: [i]t is a defense to prosecution that an actor, through mistake, formed a reasonable belief about a matter of fact and his mistaken belief negated the kind of culpability required for commission of the offense. TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974). The defense applies "only if the actor's mistake affects his culpable mental state regarding the commission of the offense charged." *Egger v. State*, 817 S.W.2d 183, 187 (Tex.App.—El Paso 1991, pet. ref'd).

■ The statute proscribing the offense of criminal trespass does not specifically set forth a required culpable mental state.

(1) that the fetus is not a viable fetus and that the pregnancy is not in the third trimester; (2) that the abortion is necessary to prevent the death or a substantial risk of serious impairment to the physical or mental health of the woman; or
(3) that the fetus has a severe and irreversible abnormality, as identified through reliable diagnostic procedures.

3. Appellant requested that the trial court charge the jury as follows:
Now, therefore, if you find from the evidence in this case that at the time of the alleged commission of the criminal trespass by the said Defendant that he acted under mistake of fact, that is a reasonable belief that an infant in its mother's womb is a human being and that abortion is murder, and that at the time of such conduct by the Defendant, if any, the Defendant reasonably believed that such conduct on his part was immediately necessary to avoid imminent harm, to wit, the prevention of murder of a human being, and that the desirability and urgency of avoiding the harm caused by abortion, both to the infant and the mother, clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the offense of criminal trespass by the Defendant, then you will acquit the Defendant and say by your verdict not guilty.

See TEX.PENAL CODE ANN. § 30.05 (Vernon 1989 & Supp.1993). However, pursuant to section 6.02(b) of the Texas Penal Code, the Court of Criminal Appeals has held that "criminal responsibility for a trespass offense must be established by proof of either intent, knowledge, or recklessness." *Egger*, 817 S.W.2d at 187 n. 2 (citing *Holloway v. State*, 583 S.W.2d 376, 377 (Tex. Crim.App.1979)). Under the information filed in the present case, appellant could be found guilty of criminal trespass only if the jury found that he had "knowingly and intentionally remain[ed] in a property of Betty Pettigrew ... without the effective consent of said owner, and after having received notice to depart ... failed to depart."

In order to rely on mistake of fact, evidence proffered by appellant must establish how he unintentionally or unknowingly remained on the property after having received notice to depart. *Egger*, 817 S.W.2d at 188. Appellant's belief that he was attempting to save a human life, does not render his mental state in failing to depart more or less probable that he lacked either the intent to remain or the knowledge that his presence was not wanted. *See id.* at 188. It is undisputed that appellant intentionally and knowingly remained on the premises after being warned to leave. Appellant's second point of error is overruled.

Since the evidence did not raise either defensive theory, the trial court properly refused to charge the jury on those defenses. *See Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986) (en banc).

The trial court's judgment is AFFIRMED.

NYE, C.J., not participating.