Opinion issued July 11, 2002







 







In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00412-CR






DAVID JOHN MCKAY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2

Brazoria County, Texas

Trial Court Cause No. 114,091S






O P I N I O N

 A jury found appellant, David John McKay, guilty of criminal trespass, a class
B misdemeanor. The court sentenced appellant to 40 days in county jail, and 
appellant was given credit for 40 days time served. In a single issue for review,
appellant contends it was error to deny his requested special jury charge. We affirm.

Background

 On February 2, 2001, appellant attempted to pass out religious pamphlets at the
Starplex Cinema in Lake Jackson. Several employees of the movie theater requested
that appellant refrain from handing out his material on the theater grounds. Members
of theater management testified that the theater has a general policy prohibiting
solicitation on its property. When appellant refused to stop his activities or leave the
property, the police were called. The police attempted then to get appellant to leave,
but, when he refused, he was arrested for criminal trespass. See Tex. Pen. Code
Ann. § 30.05 (Vernon Supp. 2002).

 At trial, the State presented four witnesses, three of whom were employees of
the theater who testified about their interactions with appellant and described the
theater's policy that no one is permitted to distribute literature on their private
property. The State's other witness was a Lake Jackson police officer who was
working as a security guard at the theater. She explained how she tried to convince
appellant to leave before she eventually called the police station. Another officer was
dispatched to the scene, and appellant was arrested. Appellant presented one witness
who testified to the validity and content of maps depicting the theater grounds, and
then appellant rested. During the charge conference, appellant requested that the
following be included in the jury charge:

 The Constitution of the State of Texas provides free speech rights
to individuals. The purpose of the criminal trespass statute is not to
regulate speech but to regulate conduct.

 The Criminal Trespass statute, (sic) may be constitutionally
applied, even to those who trespass to communicate, so long as it is
applied without discrimination and is not used to purposefully suppress
speech. Now bearing in mind the foregoing instructions, if you find that
on the occasion in question, Colleen Gardner, or any of the other
employees of Starplex Cinema had the defendant arrested for criminal
trespass and you further find that the criminal trespass statute as applied
to the defendant was applied with discrimination and was used to
purposefully suppress speech, then you will find the defendant not guilty
of criminal trespass as alleged in the information.

 

The request was denied, and appellant now asserts this denial was reversible error.

Analysis

 Initially, it should be noted that appellant first presented his free speech-based
constitutional challenge to the trial court through a pretrial motion to dismiss. The
court denied the motion, and that ruling has not been appealed. Thus, on appeal,
appellant exclusively asserts that the constitutionality of the trespass statute, as
applied to him, was a question within the provinces of the jury. We disagree. The
case cited by appellant, McGowan v. State, does not support his position. 938 S.W.2d
732 (Tex. App.--Houston [14th Dist.] 1996) aff'd sub nom. Weightman v. State, 975
S.W.2d 621 (Tex. Crim. App. 1998). McGowan merely suggests, in dicta, that the
constitutionality of a law as applied to a person may be used as a defense. See id. at
741-42. It does not say this is a jury question. 

 It is axiomatic that the jury decides questions of fact, while the trial court
decides questions of law. See Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon
1981); Myles v. State, 341 S.W.2d 913, 915 (Tex. Crim. App. 1960). Questions
concerning the constitutionality of criminal statutes are questions of law. Owens v.
State, 19 S.W.3d 480, 483 (Tex. App.--Amarillo 2000, no pet.). It is the duty of the
court, not the jury, to determine the constitutionality of a statute, and this principle
applies both when the question is one of pure law and when the question is one of
mixed fact and law, as is often the case in challenges to the constitutionality of a
statute as applied to a defendant. Because the constitutionality of a statute when
applied to given facts is still a question of law, appellant was not entitled to the
requested jury charge. We conclude the trial court acted properly in denying the
proposed charge.

 The facts of this case are analogous to those of Hoffart v. State, 686 S.W.2d
259 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd). In Hoffart, a protester
convicted of criminal trespass claimed the trial court erred (1) in denying his pretrial
motion to dismiss, in which he argued the statute was unconstitutionally applied to
him because it infringed upon his free speech rights, and (2) in refusing to instruct the
jury regarding his free speech-based defense. Id. at 262, 264. The Hoffart court
found no error regarding the denial of the jury charge. (1) Id. at 264 (noting requested
charge improperly suggested jury should interpret the law). Likewise, we find no
error here, where the court properly refused to submit the requested charge to the jury.

 We overrule appellant's sole issue for review.

 We affirm the judgment of the trial court. 


 Jackson B. Smith, Jr.

 Justice


Panel consists of Justices Hedges, Nuchia, and Smith. (2) 

Do not publish. Tex. R. App. P. 47.
1. The Hoffart court also affirmed the trial court's denial of the pretrial
motion. Hoffart, 686 S.W.2d at 262.
2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals,
First District of Texas at Houston, participating by assignment.