Jose GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–368 CR.

Court of Appeals of Texas, Beaumont.

Submitted May 6, 1998.

Decided May 28, 1998.

John C. Bennett, State Counsel for Offenders, Huntsville, for appellant.

Mark Mullin, Special Prosecution Unit, Huntsville, for state.

Before WALKER, C.J., and BURGESS and FARRIS,[1] JJ.

## OPINION

DAVID FARRIS, Justice (Assigned).

The appellant, Jose Garcia, stands convicted of Possession of a Deadly Weapon in a Penal Institution. TEX.PEN.CODE ANN. § 46.10 (Vernon 1994). On appeal Garcia complains (1) the State's evidence did not rebut beyond a reasonable doubt his claim to justification by necessity and (2) the trial court erred in failing to instruct the jury on the defense of necessity. We overrule both points of error and affirm the judgment.

Garcia's conviction was the consequence of a "shank," a piece of metal sharpened and fashioned into a knife, that he had hidden in his prison cell, in his pillow case. Garcia admitted possession of the shank, insisting it was necessary for his protection from members of a prison gang, the Texas Syndicate, who might want to kill him. Garcia testified that members of the Texas Syndicate repeatedly threatened him because he had shot one of their gang members. Prison employees testified that members of the Texas Syndicate were imprisoned at the same unit as Garcia and related that gang violence sometimes ended with the assault or murder of other prisoners.

In his second point of error Garcia complains the trial court erred in refusing to instruct the jury on the defense of necessity. An accused has a right to an instruction on necessity as a defense if it is raised by any evidence, however weak. *See Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App. 1996). The State responds by arguing, in part, that there was no evidence that Garcia had an *immediate* need to be armed.

One element of a necessity defense is that the accused reasonably believes that his otherwise illegal conduct is immediately necessary to avoid imminent harm. *See* TEX. PEN.CODE ANN. § 9.22(1) (Vernon 1994). In another context the Court of Criminal Appeals construed "imminent" bodily injury to require a present, not a future threat. *See Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim.App.1989). In interpreting § 9.22 one court has held that imminent harm occurs when there is an emergency situation, and that conduct is immediately necessary if the actor is required to make a split-second decision. *See Smith v. State*, 874 S.W.2d 269, 273 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). In contrast, fear induced by one's presence in a high crime area is not sufficient evidence of immediate necessity to avoid imminent harm to justify unlawfully carrying a handgun. *See Johnson v. State*, 650 S.W.2d 414, 416 (Tex.Crim.App.1983).

The facts of this case are distinctly different from those of another recently addressed by this court in which a prison inmate under physical assault by two other armed inmates seized a sock containing a combination padlock and used it as a club to defend himself. *See Rivera v. State*, 948 S.W.2d 365, 368–69 (Tex.App.—Beaumont 1997, no pet.) The sock and padlock had been thrown to Rivera by still another prisoner. *Id.* In *Rivera* the court noted that Rivera was unarmed, facing "imminent harm" from an armed aggressor with no hope of intervention from prison personnel. *Id.* at 370. The court further noted, "It almost goes without saying that such an inmate would necessarily find it 'immediately necessary' to grab any implement available to assist him . . . ." *Id.* Here the facts are more analogous to the facts of a defendant traveling in a high crime area than those of *Rivera*. Garcia conceded that, while he never felt safe in prison, he did not carry the shank on his person but left it in his pillow case. He also testified that no one was threatening him with a deadly weapon or trying to kill him the day he was found in possession of the shank.

The fact that one must go in harm's way does not create an immediate necessity to avoid imminent harm. To hold otherwise would justify most prison inmates arming

1. The Honorable David Farris, sitting by assignment pursuant to TEX.GOV'T CODE ANN § 74.003(b)

(Vernon 1988).

themselves with prohibited weapons. We hold that there was no evidence that Garcia reasonably believed possession of the shank was immediately necessary to avoid imminent harm. We also hold that there was no evidence that Garcia was faced with an urgent need to avoid harm that outweighed the harm sought to be prevented by proscribing the possession of a deadly weapon. Accordingly, the trial court properly refused to submit an instruction on the defense of necessity. *See* TEX.PEN.CODE ANN. § 9.22(2). Point of error two is overruled.

 In his first point of error Garcia argues the lack of a jury instruction on necessity changed the standard of review, and that the failure of the State to produce sufficient evidence rebutting that defense, though not included in the charge, requires he be acquitted. The authorities he cites do not support that proposition. To determine the sufficiency of evidence to disprove a defense we ask whether, after viewing all the evidence in the light most favorable to the State, any rational finder of fact would have found for the State on both the elements of the offense and the defensive issue. *See Adelman v. State,* 828 S.W.2d 418, 421 (Tex. Crim.App.1992). By finding a defendant guilty a jury implicitly rejects any defense. As we have found, in addressing Garcia's second point of error, there was no evidence of two elements of a necessity defense. It necessarily follows that we do not find the State failed to rebut that defense. Point of error one is overruled.

AFFIRMED.