Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



KENNETH RAY SCOTT,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-02-00209-CR

Appeal from the

161st District Court

of Ector County, Texas

(TC# B-29,498)




MEMORANDUM OPINION

           This is an appeal from a jury conviction for the offense of burglary of a habitation. 
Appellant pleaded true to three enhancement paragraphs in the indictment and the jury
assessed punishment at twenty-five years’ imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
            On November 9, 1999 at about 11 p.m., Officer Ben Hernandez received a call
concerning a burglary at 1601 North Tom Green Street in Ector County, Texas. Upon
arrival, he contacted Grace Hamilton and Thomas Hamilton. He did not observe any
threatening circumstances existent in the area. The Hamiltons were very upset; they related
that someone had broken into their home. Officer Hernandez was then informed by the
dispatcher that a prowler was seen about a block away from the Hamilton’s dwelling. An
individual was hiding or knocking on a door and was hiding in the bed of a pickup. Officer
Hernandez arrived at the location and found Appellant in the bed of a pickup truck. He was
uncooperative. He seemed disoriented and he did not follow directions. The Hamiltons
came to the area and identified Appellant as being the individual who forced his way into
their home.
           Thomas Hamilton testified that he and his wife were watching television in their home
at about 10:30 p.m. when they heard screaming, hollering, and banging on the front door. 
After they arose from the couch, he saw a plate glass window in the door break and
Appellant’s hand came in the window and opened the door. Appellant came in Hamilton’s
direction and the two scuffled and went to the floor. Appellant then headed through the
living room and went into a bedroom. Hamilton tried to hold the bedroom door shut but
Appellant opened it and went past him and out the back door. Hamilton testified that the
touching by Appellant was offensive and the witness stated that he feared imminent bodily
injury.
           Hamilton also testified that he did not give Appellant permission to enter his house. 
The witness stated that he grabbed Appellant because he was scared of him. Hamilton
related that Appellant was yelling, “They’re after me. They’re after me,” before he entered
the house. Appellant did not close the door upon entering the house.
           Grace Hamilton testified that they were watching television and they heard banging
on the door. Her husband jumped up and she heard glass breaking. Appellant broke into the
house. Her husband tried to talk to Appellant but he kept saying that somebody was after him
and was chasing him. Appellant acted aggressively and there was a scuffle. The witness was
afraid and she went out the back door to go to her daughter’s house to call the police.
II. DISCUSSION
           In Issue No. Two, Appellant contends that the court erred in failing to give an
instruction in the jury charge regarding the justification defense of necessity. At the close
of all the evidence, Appellant requested a charge of the defense of necessity and the court
denied that request.
           Tex. Penal Code Ann. § 9.22 (Vernon 2003) provides:
Conduct is justified if:
 
(1) the actor reasonably believes the conduct is immediately necessary
to avoid imminent harm;
 
(2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be
prevented by the law proscribing the conduct; and
 
(3) a legislative purpose to exclude the justification claimed for the
conduct does not otherwise plainly appear.

           If evidence from any source, be it strong, weak, unimpeached, or contradicted, raises
a defensive theory, it must be included in the court’s charge. Hayes v. State, 728 S.W.2d
804, 809 (Tex. Crim. App. 1987). Imminent means something that is impending, or that is
on the point of happening, not about to happen. See Darty v. State, 994 S.W.2d 215, 218-19
(Tex. App.--San Antonio 1999, pet. ref’d); Garcia v. State, 972 S.W.2d 848, 849 (Tex. App.
--Beaumont 1998, no pet.). Moreover, in order to raise the defense of necessity, a defendant
must admit he committed the offense charged and then offer necessity as a justification. See
Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999). In this instance there must be 
evidence that Appellant reasonably believed that the entry into the home was immediately
necessary to avoid imminent harm. Further, there must be evidence that Appellant was faced
with an urgent need to avoid harm that outweighed the harm sought to be prevented by
proscribing the burglary of a habitation. Garcia v. State, 972 S.W.2d 848, 850 (Tex. App.--Beaumont 1998, no pet.). We hold that the statement that someone was after Appellant was
insufficient to raise the immediacy of the harm and it was insufficient to demonstrate that
Appellant was faced with an urgent need to avoid harm that outweighed the harm sought to
be prevented by proscribing the burglary of a habitation. Accordingly, the court did not err
in refusing to give an instruction on the defense of necessity. Issue No. Two is overruled.
           In Issue No. One, Appellant asserts the evidence was legally and factually insufficient
to sustain his conviction for burglary of a habitation; rather, the evidence only demonstrated
that Appellant was guilty of the offense of trespass. In reviewing the legal sufficiency of the
evidence, we are constrained to view the evidence in the light most favorable to the judgment
to determine whether any rational trier of fact could find the essential elements of the
offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v.
State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363, 366
(Tex. Crim. App. 1987). More particularly, sufficiency of the evidence should be measured
by the elements of the offense as defined by the hypothetically correct jury charge for the
case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22 (Tex.
App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843, quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref’d).
           When conducting a review of the factual sufficiency of the evidence, we consider all
of the evidence, but we do not view it in the light most favorable to the verdict. Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Levario v. State, 964 S.W.2d 290, 295
(Tex. App.--El Paso 1997, no pet.). We review the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it with the evidence that
tends to disprove that fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct.
100, 139 L.Ed.2d 54 (1997). A defendant challenging the factual sufficiency of the evidence
may allege that the evidence is so weak as to be clearly wrong and manifestly unjust, or in
a case where the defendant has offered contrary evidence, he may argue that the finding of
guilt is against the great weight and preponderance of the evidence. See Johnson, 23 S.W.3d
at 11. Although we are authorized to set aside the fact finder’s determination under either
of these two circumstances, our review must employ appropriate deference and should not
intrude upon the fact finder’s role as the sole judge of the weight and credibility given to any
evidence presented at trial. See Johnson, 23 S.W.3d at 7. We are not free to reweigh the
evidence and set aside a verdict merely because we feel that a different result is more
reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d
at 135. The application paragraph in the court’s charge to the jury read, in relevant part:
Now bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that the defendant, KENNETH RAY
SCOTT, on or about the on or about (sic) the 9th day of November, 1999 in
the County of Ector and State of Texas, as charged in the indictment, did then
and there intentionally or knowingly enter a habitation without the consent of
THOMAS HAMILTON, the owner, and therein committed the offense of
assault, to wit: the said KENNETH RAY SCOTT did then and there
intentionally or knowingly threaten the said THOMAS HAMILTON with
imminent bodily injury or the said KENNETH RAY SCOTT did then and
there cause physical contact with the said THOMAS HAMILTON when the
said KENNETH RAY SCOTT knew or should have reasonably believed that
the said THOMAS HAMILTON would regard the physical contact as
offensive or provocative, you will find the defendant guilty of the offense of
BURGLARY OF A HABITATION and so say by your verdict, but if you do
not so believe or if you have a reasonable doubt thereof, you will acquit the
defendant of the offense of BURGLARY OF A HABITATION and say by
your verdict “not guilty” and proceed to consider if the defendant is guilt (sic)
of the lesser included offense of CRIMINAL TRESPASS OF A
HABITATION.

           Appellant maintains that the requisite assault was not proven because the complainant
grabbed Appellant first. Therefore, Appellant cannot be held accountable for the scuffle. 
However, we note that the charge indicated that assault could be committed by intentionally
and knowing threatening Hamilton with imminent bodily injury. Burglary requires proof of
intent to commit a theft, felony, or assault. Moore v. State, 54 S.W.3d 529, 539 (Tex. App.--Fort Worth 2001, pet. ref’d); McGee v. State, 923 S.W.2d 605, 608 (Tex. App.--Houston [1st
Dist.] 1995, no pet.). The jury alone is empowered to determine the issue of intent. Moore,
54 S.W.3d at 539. The events of a burglary may imply the intent with which the accused
entered. Id. Therefore, intent may be inferred from the accused’s conduct and surrounding
circumstances. Id. In the present case we find that the breaking of the window and the entry
into the house accompanied by a movement by Appellant toward the complainant, were
sufficient acts to threaten him with imminent bodily injury thereby substantiating the
conviction for the offense of burglary of a habitation. We find that the evidence was legally
and factually sufficient to support the conviction.
           Appellant also contends that the State failed to disprove the defense of necessity. 
However, by finding a defendant guilty, a jury implicitly rejects any defense. As we have
found, in addressing the second issue, there was no evidence of two elements of a necessity
defense, it necessarily follows that we do not find the State failed to rebut that defense. Issue
No. One is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
July 29, 2004

                                                                              RICHARD BARAJAS, Chief Justice

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.

(Do Not Publish)