Affirmed and Memorandum Opinion filed December 23, 2004









Affirmed
and Memorandum Opinion filed December 23, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00900-CR

_______________

 

JUAN TORRES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 44,039

_______________________________________________________

 

M E M O R A N D U M 
 O P I N I O N

In
this appeal from a jury conviction for possession of a deadly weapon in a penal
institution, we review whether the trial court erred when it refused to charge
the jury on the defense of necessity. 
Because we conclude there is no evidence in support of the defense, we
affirm.

I.  Factual and Procedural Background








Appellant
is an inmate at the Darrington Unit of the Texas Department of Criminal
Justice.  In August 2002, while escorting
appellant from his cell to the shower facilities, corrections officers
discovered a seven-and-one-half-inch homemade knife, or Ashank,@ in appellant=s boot.  A jury convicted appellant of possession of a
deadly weapon in a penal institution and the trial court assessed punishment at
25 years= confinement.  This appeal followed. 

II.  Discussion

In
one issue, appellant contends the trial court erred in refusing to submit to
the jury a properly requested question on the defense of necessity.

A.        Standard of Review

Generally,
an accused has the right to an instruction on any defensive issue raised by the
evidence and properly requested.  Granger
v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).  This entitlement exists regardless of the
source of the evidence, its strength, or whether the trial court finds it
credible.  Hamel v. State, 916
S.W.2d 491, 493 (Tex. Crim. App. 1996); Muniz v. State, 851 S.W.2d 238,
254 (Tex. Crim. App. 1993).  However, if
the evidence fails to raise a defensive issue, the trial court commits no error
in refusing to submit a requested instruction.  Kunkle v. State, 771 S.W.2d 435, 443B44 (Tex. Crim. App. 1986).  We examine the evidence offered in support of
a defensive issue in the light most favorable to the defense.  Pennington v. State, 54 S.W.3d 852,
856 (Tex. App.CFort Worth 2001, pet. ref=d). 


B.        Necessity as a Defense

A
successful necessity defense exonerates an accused who engages in unlawful
conduct in order to prevent a greater harm. 
Id.  The Texas Penal Code
authorizes necessity as a defense to a criminal charge if: 

(1)  the actor
reasonably believes the conduct is immediately necessary to avoid imminent
harm;

(2)  the
desirability and urgency of avoiding the harm clearly outweigh, according to
ordinary standards of reasonableness, the harm sought to be prevented by the
law proscribing the conduct; and

(3)  a
legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear.








Tex. Pen. Code Ann. ' 9.22(1)B(3) (Vernon 2004).  Subsections (1) and (2) must be satisfied
by evidence, while subsection (3) is a question of law.  Leach v. State, 726 S.W.2d 598, 600
(Tex. App.CHouston [14th Dist.] 1987, no pet.).  Thus, to support a necessity defense an
appellant must show he reasonably believed his actions were necessary to avoid
imminent harm.  Ford v. State, 112
S.W.3d 788, 793 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  AImminent harm@ involves an emergency situation
which requires the actor to make a split-second decision without time to
consider the law.  Pennington, 54
S.W.3d at 857.  A Areasonable belief@ is one that would be held by an
ordinary, prudent person in the same circumstances as the actor.  Tex.
Pen. Code Ann. ' 1.07(a)(42) (Vernon 2004). 
Reasonableness is a question of fact and is viewed from the standpoint of
the accused at the time he acted.  Fitzgerald
v. State, 782 S.W.2d 876, 885 (Tex. Crim. App. 1990).  

C.        Does the Evidence Raise
the Defense?

Appellant
claims he raised necessity as a defensive issue when he testified at trial that
he feared for his life while being escorted to the showers and that he believed
his conduct was immediately necessary to avoid imminent harm.  Appellant also testified that approximately
three days before he was found in possession of the shank, two other inmates
had threatened him while he showered. 
Appellant stated the two men cursed at him and tried to force the shower
door open, and that one of them was armed with a weapon.  The two inmates were unable to open the door
and returned to their cells apparently upon hearing a corrections officer
approach the area.  Appellant also stated
he had not communicated the incident to anyone other than his attorney.

Appellant
correctly states that other courts of appeals have applied the defense of
necessity to a charge of possession of a deadly weapon in a penal institution,
and relies on Rivera v. State, 948 S.W.2d 365 (Tex. App.CBeaumont 1997, no pet.) in support of
his argument.








In
Rivera, the appellant was under physical assault by two other inmates
and armed himself with a club made from a sock with a combination lock inside
it.  Id. at 368B69. 
The court noted that Rivera was unarmed and faced Aimminent@ harm from an armed aggressor with no
hope of rescue from corrections officers. 
Id. at 370.  The court
stated that in such a situation, A[i]t almost goes without saying that
such an inmate would naturally find it >immediately necessary= to grab any implement available to
assist him in what is apparently the daily prison ritual of survival of the
fittest.@ 
Id.  The court determined
that under those facts, the accused was entitled to have necessity submitted to
the jury.  Id. at 371.  








We
cannot agree with appellant that the facts of this case are sufficient to show
that he reasonably believed possession of the shank was necessary to avoid
imminent harm.  Appellant testified he
was typically escorted to and from the shower by at least one and as many as
three corrections officers.[1]  Further, appellant showered alone in a locked
cell and the inmates who originally threatened him were unable to reach him
through the locked door. Also, the shank was seized three days after appellant
was allegedly threatened, and no evidence was adduced that any inmates were
present or threatening appellant with assault the day the shank was
seized.  Appellant=s situation does not qualify as one
in which quick action was necessary to avoid imminent harm.  Cf. Rivera, 948 S.W.2d at 368B70; see also Pennington,
54 S.W.3d at 857.  Accordingly, we hold
these facts fail to show that appellant was in danger of Aimminent@ harm on the day he possessed the
shank.  Appellant=s positionCthat a prior threat of violence
creates a situation where possessing a deadly weapon is a necessityCwould give virtually every inmate a
justifiable reason to possess a prohibited weapon.  See Garcia v. State, 972 S.W.2d 848,
849B50 (Tex. App.CBeaumont 1998, no pet.) (reaching the
same conclusion).  In sum, because
appellant has not shown evidence of imminent harm, the trial court did not err
in refusing to submit the defense of necessity to the jury.  See Tex.
Pen. Code Ann. ' 9.22(1) (Vernon 2004);[2]
Arnwine v. State, 20 S.W.3d 155, 160 (Tex. App.CTexarkana 2000, no pet.) (holding
appellant=s conduct can be deemed unreasonable
as a matter of law if undisputed facts demonstrate a complete absence of
immediate necessity or imminent harm). 
Appellant=s sole issue is overruled, and we affirm the trial court=s judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 23, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  In fact, appellant was in the presence of three
officers when the shank was discovered.





[2]  As appellant failed to meet the requirements of Penal
Code section 9.22(1), it is unnecessary to discuss subsections (2) and
(3).  See Tex. Pen. Code Ann. ' 9.22
(Vernon 2004).